**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JHON EDUARDO PEREZ-ROMERO, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 2:26-cv-4593 |
| | : | |
| J.L. JAMISON, *Warden, Federal* | : | |
| *Detention Center, Philadelphia*, *et al.*, | : | |
| Respondents | : | |

## O R D E R

**AND NOW,** this 15th day of July, 2026, upon consideration of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, ECF No. 1;[1] the Government's Response in Opposition, ECF No. 6;[2] and Petitioner's Reply, ECF No. 7;[3] and for the reasons set forth in this Court's Opinions issued in *Restrepo v. Jamison*, No. 2:25-cv-06518 at ECF No. 16 (E.D. Pa. January 20, 2026) and *Mirdjalilov v. Federal Detention Center Philadelphia, et al.*, No. 2:25-cv-07068 at ECF No. 9 (E.D. Pa. January 23, 2026), which are incorporated in their entireties herein;[4]

**IT IS ORDERED THAT**:

---

[1] Petitioner Jhon Eduardo Perez-Romero, a native of Venezuela, entered the United States on or about December 31, 2023. *See* Pet. ¶ 17, ECF No. 1. Shortly thereafter, he was encountered by officers from the Department of Homeland Security ("DHS"), processed, and released. *See id.* ¶ 18. He was initially released to live in New Jersey but subsequently moved to York, Pennsylvania, where he resides with his wife, a United States citizen. *See id.* Perez-Romero has complied with all release conditions and has filed an application for asylum, which is pending. *See id.* ¶ 19. On or about June 30, 2026, Perez-Romero was detained by immigration officials apparently at a scheduled check-in with DHS. *See id.* ¶ 20. He is being held without a bond hearing. *See id.* ¶¶ 2, 20, 35. Perez-Romero filed the instant habeas petition on July 2, 2026. He alleges that his detention violates: (1) the Immigration and Nationality Act ("INA"); (2)-(5) Fifth Amendment due process; and (6) the Administrative Procedures Act ("APA"). *See id.* ¶¶ 42-70.

[2] On July 8, 2026, the Government filed a Response, arguing that the Court should deny habeas relief because: (1) Perez-Romero is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2); and (2) his detention does not violate Constitutional due process. *See* Resp. 4-10, ECF No. 6.

[3] Perez-Romero argues that if this Court finds a bond hearing is necessary, it should be conducted in this Court because a bond hearing before an immigration judge is not an adequate remedy. *See* Reply 3-5, ECF No. 7. He asserts: "Independent evidence of pressure on immigration judges to categorically deny bond to noncitizens indicates that a bond hearing before an immigration judge is not an adequate remedy." *Id.* at 4.

[4] These opinions addressed similar habeas claims and rejected the Government's arguments, which are similar to those brought in the above-captioned action. These opinions are only two of

The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED in part**,[5] as follows:

1.      Petitioner Jhon Eduardo Perez-Romero is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and instead may be detained, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a);

2.      **Within seven (7) days of the date of this Order**, the Government SHALL provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a);

3.      If a bond hearing is not held before an Immigration Judge within seven (7) days, the Government shall immediately RELEASE Petitioner from ICE custody; and

4.      The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

dozens of analogous cases decided in this District.  In a manner consistent with other recent decisions in this District, this Court found that the petitioners' continued detentions without a bond hearing violated the INA and Fifth Amendment due process protections and that such petitioners— *i.e.*, aliens who had been present in the United States for several years leading up to their detention—were not subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2).  The Court also found in these opinions that it has jurisdiction over such actions pursuant to 28 U.S.C. § 2241, that neither 8 U.S.C. §§ 1252(a), (b)(9), nor (g) strip the Court of jurisdiction, and that exhaustion is not required, but the Government chose not to make these arguments in the instant case.  *See* Resp. 4 n.4.

[5]      Perez-Romero's continued detention without a bond hearing violates the INA.  As he is entitled to habeas relief on this basis, the Court will not reach the merits of his claims based on violations of the APA and due process.  Because the petition seeks relief in the form of immediate release, it is granted in part, by first ordering a bond hearing, and then ordering his immediate release if a bond hearing is not timely provided.  Because his request for immediate release is denied, so too is his request for return of property.  Perez-Romero's request that this Court hold a bond hearing instead of an immigration judge is also denied.  *See Hernandez v. Mullin*, No. 3:26cv1152, 2026 U.S. Dist. LEXIS 113052, at *7 (M.D. Pa. May 21, 2026) (rejecting the petitioner's argument that bond hearings before immigration judges are inadequate because they uniformly deny bond and holding that the "court cannot determine whether [the petitioner] will receive constitutionally adequate process in the future[; i]t can only determine that he received constitutionally inadequate process before today"); *Cahuec v. Soto*, No. 25-17389 (GC), 2025 U.S. Dist. LEXIS 254365, at *4 (D.N.J. Dec. 8, 2025) (denying the petitioner's request for immediate release instead of a new bond hearing because the court would "not speculate as to whether, if the Court were to order a bond hearing for Petitioner, the IJ would violate Petitioner's procedural due process rights").  Finally, to the extent counsel seeks attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), he may file a separate motion.